UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIRIAM FREIER                              :
                                           :        Case No. 14-CV-9623 (RA)
                        Plaintiff,         :
                                           :
        --and--                            :
                                           :        AFFIDAVIT OF KEM BLACKER
VERTICAL CAPITAL, LLC; BRETT GRAHAM;       :
and KEM BLACKER                            :
                                           :
                        Defendants.        :
------------------------------------------------------------X

KEM BLACKER, being duly sworn, deposes and says:

        1.     I am a member of Vertical Capital, LLC ("Vertical") and make this affidavit in support of defendants Vertical, Brett Graham and Kem Blacker's motion to compel arbitration, and to dismiss or stay this action.

        2.     I am Vertical's Chief Compliance Officer. I, along with Brett Graham, Beth Ferraro and Chris Porcelli are members of Vertical. Since inception, Graham has been Vertical's Chief Investment Officer.

        3.     In or about June 2013, Vertical offered employment to Plaintiff Miriam Freier. On June 18, 2013, I sent Ms. Freier an employment agreement that, among other things, included an arbitration clause that would require her to arbitrate any dispute that arose concerning the employment agreement, the terms and conditions of her employment including any claims of statutory discrimination. A copy of the June 18, 2013 agreement is attached as Exhibit A.

        4.     On or about June 20, 2013, Ms. Freier requested certain revisions to the agreement which she had indicated to me that she had discussed with attorneys representing her. Vertical agreed to make certain of the changes she requested.

5.      On June 20, 2013, I sent Ms. Freier an updated copy of the employment agreement, signed by me on behalf of Vertical.  I also sent her a redline showing the changes Vertical had agreed to make.  No changes were made to the arbitration clause.  A copy of this email and the attachments is attached as Exhibit B.

6.      On June 24, 2013, Ms. Freier signed the June 20, 2013 employment agreement (the "Employment Agreement").  A copy of the final, fully executed copy of the employment agreement is attached as Exhibit A to the First Amended Complaint.  Ms. Freier commenced employment in or about August 2013.

7.      The Employment Agreement contains an arbitration clause that requires Ms. Freier to arbitrate any dispute arising out of her employment with Vertical (Section 14).  It also contains provisions requiring her to maintain the confidentiality of Vertical documents, including financial and operational information and data regarding the Company and its investment vehicles and strategies (Section 7), return all Company property, including documents related to the business of the Company (Section 12), and to keep the terms of the Employment Agreement confidential (Section 17).

8.      As part of the terms of her employment, Ms. Freier was required to comply with internal Vertical policies and procedures, including the Employee Handbook and Compliance Manual.

9.      The Employee Handbook contains various policies concerning use and monitoring of Vertical's computer and email systems.  These policies include "Computer and Email Usage," "Internet Usage" and Workplace Monitoring."  These policies advise Vertical employees, among other things, that Vertical's computer and email systems are for business use, that all computer, internet and email usage is subject to monitoring by Vertical, and that

employees have no expectation of privacy in any communication that enters, leaves or is stored in Vertical's email systems.  Copies of excerpts of the relevant Employee Handbook policies as of January 1, 2013 are attached as Exhibit C.  Ms. Freier acknowledged that she had received the Employee Handbook and that it was her responsibility to read and comply with its terms on August 5, 2013.  A copy of Ms. Freier's signed acknowledgement form is attached as Exhibit D.

10.     As a registered investment adviser, Vertical is required to maintain and periodically review employee emails sent through its computer systems.  Like the Employee Handbook, Vertical's Compliance Manual advises employees that all emails are subject to review by Vertical as part of its compliance policies, and that employees have no expectation of privacy in their email communications.  A copy of an excerpt of the relevant Compliance Manual policy as of April 22, 2014 is attached as Exhibit E.  Ms. Freier most recently acknowledged her receipt of the Compliance Manual and her agreement that she read and understood its terms on June 20, 2014.  A copy of Ms. Freier's signed acknowledgement form is attached as Exhibit F.

11.     In or about November 2014, Ms. Freier and the Vertical partners had conversations about a mutually agreed end to her employment, and ultimately came to an agreement in principle as to the material terms of Ms. Freier's separation, including substantial cash payments and a working notice period.

12.     On November 26, 2014, I sent Ms. Freier on her Vertical email account a draft separation agreement reflecting the agreed-upon terms.  A copy of the transmittal email and the first page of the separation agreement is attached here as Exhibit G.

13.     Ms. Freier responded to my November 26, 2014 email that "My lawyer will be in touch on how we'd like to proceed."  Brett Graham then exchanged emails with

3

Ms. Freier about her response and what it meant.  A copy of their email exchange is attached as Exhibit H.

14.     Unbeknownst to Vertical at the time, Ms. Freier forwarded these email exchanges on to her attorney, Jonathan Sack, and other attorneys at the firm Sack & Sack, from her Vertical email account.  Ms. Freier and her attorneys proceeded to have numerous email exchanges over Vertical's email system, some of which Ms. Freier then forwarded on to third parties not associated with the Sack & Sack firm.  These emails were stored within, transmitted over, and recovered from Vertical's computer and email systems.  Copies of certain of these email exchanges are attached as Exhibits I, J and K.

15.     On the morning of December 3, 2014, I sent Ms. Freier a letter advising her that Vertical was terminating her employment, effective immediately.  In that letter, Vertical reminded Ms. Freier of her obligations in respect of confidential information and return of property, including all documents reflecting confidential information.  A copy of this letter is attached as Exhibit F to the First Amended Complaint.

16.     On December 19, 2014, the First Amended Complaint ("Amended Complaint") was filed.  In addition to numerous salacious and false allegations concerning myself and Mr. Graham, the Amended Complaint contains confidential information relating to Vertical that Ms. Freier was bound to maintain as confidential and documents she was required to return to Vertical upon the termination of her employment.  In particular, the Amended Complaint purports to describe the contents of an internal memorandum reflecting talking points provided to Ms. Freier, and Exhibit C of the Amended Complaint purports to reflect the confidential internal memorandum of Vertical member Beth Ferraro concerning Vertical's business.

4

17.     In addition, Exhibit D to the Amended Complaint purports to attach a copy of the separation agreement that had been provided to Ms. Freier, but the document attached to the Amended Complaint has been altered from the version that I provided to Ms. Freier.  Specifically, it is missing the endorsement that was included on the front page of the document I sent to Ms. Freier: "For Settlement Discussion Purposes Only.  Off the Record, Without Prejudice and Not To Be Disclosed to Any Third Parties."

_____
Kem Blacker

Sworn to before me on
January 9, 2015

_____
Notary Public

STEPHANIE R. VASQUEZ
Notary Public, State of New York
Qualified in New York County
No. 01VA6299223
My Commission Expires 03/17/2018