# Exhibit J

| | |
|---|---|
| **From:** | Miriam Freier <VERTICAL CAPITAL/FIRST ADMINISTRATIVE GROUP/RECIPIENTS/MFREIER> |
| **Sent:** | 11/28/2014 3:31:08 AM +00:00 |
| **To:** | 'joe.lucas@capstoneco.com' |
| **Subject:** | Fw: Fw: separation agreement |

**From**: Jonathan Sack [mailto:jsack1@gmail.com]
**Sent**: Thursday, November 27, 2014 10:28 PM
**To**: Miriam Freier
**Subject**: Re: Fw: separation agreement

Please don't patronize.  You don't fully appreciate the damage to the future discussion.  You also must now realize that the note you sent to him will by definition, pit us against one another, as though I am the spoiler of a deal.  "My lawyer said this, my lawyer said that."  It makes you look dumb.  And, I fail to understand why you owed him some civility, when he hired you under false pretense.  In the same time you used to draft this missive to a fellow who, in a matter of days or weeks will be a memory to you, you could have written up your comments to the edits I painstakingly inserted into the draft separation agreement, while I am here in Jamaica with my family.  That would have been productive.

On Thu, Nov 27, 2014 at 10:22 PM, Miriam Freier <mfreier@verticalcapital.com> wrote:
You are right that I should've run it by you first.

**From**: Jonathan Sack [mailto:jsack1@gmail.com]
**Sent**: Thursday, November 27, 2014 10:13 PM
**To**: Miriam Freier
**Cc**: ersjd01@gmail.com <ersjd01@gmail.com>
**Subject**: Re: Fw: separation agreement

You need to decide how you want to handle this.  You cannot have a 40 minute conversation with me last night, while I am away in Jamaica with my family, then, allow me to spend an hour marking up the agreement, then, come up with a strategy that you are agreeable to, and then not reply to me, and finally, write your own note without first vetting it with me.  You weaken the surprise punch, and my efforts. If you care to run this process, go right ahead, but to not talk it through with me first is not acceptable.  I did not send a note to the attorney without fully vetting the issues with you first, and you owe me the same courtesy, if we are working in a collaborative fashion.  At net, you will be out of there with or without a settlement.  Frankly, I fail to see how he will pay you what I surmise you are owed or need to adequately protect yourself.

At net, sending your note, now, on Thanksgiving does nothing but to piss him off and prepare him for my assault.  Bad move.  Perhaps you need a lawyer working for you who will do as you say, not a person such as myself, who will give you the guidance to navigate through the situation with no emotion.  In all candor, there are

other folks who need me as desperately as you do, who also pay no fee for my guidance, but who at least give me a head's up prior to pulling the trigger and sending out a message that does nothing but confuse.

On Thu, Nov 27, 2014 at 10:02 PM, Miriam Freier <mfreier@verticalcapital.com> wrote:
Don't kill me Jonathan...I think its only fair to personally notify them on what they have coming.

---

**From**: Miriam Freier
**Sent**: Thursday, November 27, 2014 09:59 PM
**To**: Brett Graham
**Subject**: separation agreement

Hi Brett,

Happy to speak with you but the issues we are dealing with are way outside of my legal/regulatory expertise. My counsel has made me well aware of liability issues & damages beyond what I had originally considered prior to seeking legal advice.

These issues along with the damage to my career, ability of future employment, and the permanent damage to the investor base I've spent the past years of my life building have made me reassess the agreement we've been working towards.

In short the entire proposal needs to be restructured significantly on many levels, most importantly indemnification from past/future liabilities, etc...the current economics will also no longer work as they do not reflect the issues which my lawyer has brought to light. I believe he will be sending you a revised version in the next few days.

I hope that despite this all that you have enjoyed your Thanksgiving. This is a tough situation for everyone involved to be navigating but we all have lots of things to be thankful for.

Have a nice relaxing three day weekend.

All the best,
Miriam

---

**From**: Brett Graham
**Sent**: Wednesday, November 26, 2014 01:15 PM
**To**: Miriam Freier
**Subject**: Re: separation agreement

Miriam,

That's a very oddly worded message. We expect to hear from you as an employee of the firm directly (not through your lawyer) as our verbal agreement in principle is subject to you

continuing in that capacity through a certain date and fulfilling certain obligations as a productive and constructive representative of the firm.

I don't need to tell you that you can seek whatever advice you want, but I would discourage you from taking an adversarial stance as that is contrary to the spirit of the in principle agreement we have reached and all surrounding conversation.

Brett


Brett T Graham
Managing Partner
Vertical Capital
437 Madison Avenue

---

**From**: Miriam Freier
**Sent**: Wednesday, November 26, 2014 12:37 PM
**To**: Kem Blacker
**Cc**: Partners; 'jsack@sackandsack.com' <jsack@sackandsack.com>
**Subject**: Re: separation agreement

Hi Kem,

My lawyer will be in touch on how we'd like to proceed.

Happy Thanksgiving.

Thanks,
Miriam

---

**From**: Kem Blacker
**Sent**: Wednesday, November 26, 2014 12:21 PM
**To**: Miriam Freier
**Cc**: Partners
**Subject**: separation agreement

Miriam, please see the attached separation agreement we discussed.  S&K is also sending a copy directly to your lawyer.


Happy Thanksgiving!  Kem

Kem Blacker

Vertical Capital

212 786 5300 ph

908 578 8660 cell

kblacker@verticalcapital.com

This e-mail and/or attachments may contain privileged, confidential or proprietary information. Unintended recipients should notify the sender immediately and delete. Disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. Brokerage services provided by VCAP Securities LLC. Member FINRA, SIPC. This is neither an offer or recommendation to buy or sell any security or other financial instrument. Email compliance@vcapllc.net with questions regarding this disclosure.

--

Jonathan Sack, Esq.
Sack & Sack
110 East 59th Street, 19th Floor
New York, NY 10022
Tel:  212-702-9000 x 207
Fax: 212-702-9702
Cell: 917-754-9000
Email: jsack@sackandsack.com

--

Jonathan Sack, Esq.
Sack & Sack
110 East 59th Street, 19th Floor
New York, NY 10022
Tel:  212-702-9000 x 207
Fax: 212-702-9702
Cell: 917-754-9000
Email: jsack@sackandsack.com