UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIRIAM FREIER                                               :
                                                            :   Case No. 14-CV-9623 (RA)
                        Plaintiff,                          :
        --and--                                             :
                                                            :   AFFIDAVIT OF JULIA C. SPIVACK
VERTICAL CAPITAL, LLC; BRETT GRAHAM;                        :
and KEM BLACKER                                             :
                                                            :
                        Defendants.                         :
------------------------------------------------------------X

JULIA C. SPIVACK, being duly sworn, deposes and says:

1.  I am an attorney associated with the firm Seward & Kissel LLP and duly admitted to practice before this Court.

2.  On November 26, 2014, I transmitted to Jonathan Sack, Esq. of the firm Sack & Sack a copy of the draft separation agreement between Vertical Capital, LLC ("Vertical") and Miriam Freier. A true and correct copy of the transmittal email and the first page of the attachment are annexed as Exhibit A hereto.

3.  In pertinent part, the draft separation agreement was endorsed on the first page with the following stamp in the upper left hand corner: "For Settlement Discussion Purposes Only. Off the Record, Without Prejudice and Not To Be Disclosed to Any Third Parties." See Exhibit A.

4.  In paragraph 52 of the First Amended Complaint ("Amended Complaint" or "Am. Compl.") Plaintiff quotes an excerpt of a December 1, 2014 email from her counsel, Mr. Sack, which enclosed Ms. Freier's response to the draft separation agreement sent on November 26, 2014. A complete copy of that email, excluding its attachment, is attached as Exhibit B. Among other things, Ms. Freier's counteroffer included cash payments totaling $2

million, with an additional $1 million to be placed in escrow with Mr. Sack's firm to cover any indemnification expenses.

5.  On December 5, 2014, Ms. Freier filed her initial Complaint against Vertical, Brett Graham and Kem Blacker (the "Complaint"). A copy of that Complaint, which was never served, is attached as Exhibit C.

6.  On December 6, 2014, _The New York Times_ published an article concerning Vertical and Ms. Freier, referencing the allegations in the Complaint. A copy is attached as Exhibit D.

7.  On December 19, 2014, the Amended Complaint was filed, attaching, among other things, a copy of the separation agreement that had been provided to Ms. Freier by Vertical and to Mr. Sack by me that had been altered from the original. Specifically, Exhibit D to the Amended Complaint has been modified to remove the endorsement that was included on the front page of the document I sent to Mr. Sack, and does not contain any indication to the reader that the document has been modified in any way. Compare Exhibit A with Am. Compl., Exhibit D.

8.  The Amended Complaint (like the original Complaint) also misstates the text of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. 111-203, 124 Stat. 1376 ("Dodd-Frank Act"). In paragraph 64 of the Amended Complaint (original Complaint paragraph 47), Ms. Freier asserts that:

> Defendants' retaliatory termination of Freier was also in violation of the Dodd Frank Bill, Public Law 11-203 specifically Title IX, Section F, Protections for Whistleblowers and employees [sic], to wit "no covered person or service provider may retaliate against employees who report violations, cooperate with authorities, or refuse to perform work that the employee reasonably believes may violate laws and rules enforced by the Bureau." 15 USCA §78u-6.

2

9.  There is no "Section F, Protections for Whistleblowers and employees" under Title IX of the Dodd-Frank Act. A true and correct copy of the index to Title IX of the Dodd-Frank Act is attached as Exhibit E. Subtitle F of Title IX is entitled "Improvements to the Management of the Securities and Exchange Commission."

10. Also, the text quoted in paragraph 64 of the Amended Complaint does not exist within 15 USCA §78u-6. A true and correct copy of the text of 15 USCA §78u-6 is attached as Exhibit F. In an effort to locate the source of the language in the Amended Complaint, I conducted a full-text search of 15 USCA §78u-6, as well as the entire Dodd-Frank Act, using the quoted language from paragraph 64. I yielded no results.

11. The whistleblower protection provisions of 15 USCA §78u-6 are located in subsection (h). The relevant language provides, in pertinent part:

> (1) Prohibition against retaliation.
>
> (A) In general. No employer may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of any lawful act done by the whistleblower—
>
> (i) in providing information to the Commission in accordance with this section;
>
> (ii) in initiating, testifying in, or assisting in any investigation or judicial or administrative action of the Commission based upon or related to such information; or
>
> (iii) in making disclosures that are required or protected under the Sarbanes-Oxley Act of 2002 (15 U.S.C. 7201 et seq.), the Securities Exchange Act of 1934 (15 U.S.C. 78a et seq.), including section 10A(m) of such Act (15 U.S.C. 78f(m)), section 1513(e) of title 18, United States Code, and any other law, rule, or regulation subject to the jurisdiction of the Commission.

                                                                                                                                          Julia C. Spivack

Sworn to before me
January 9, 2015

_____
Notary Public

                              **MICHAEL WARREN BROZ**
                          **Notary Public, State of New York**
                                  No. 02BR6218349
                            **Qualified in New York County**
                        **Commission Expires March 1, 2018**

4