UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MIRIAM FREIER                                                :
                                                             :        Case No. 14-CV-9623 (RA)
                         Plaintiff,                          :
         --and--                                             :
                                                             :
VERTICAL CAPITAL, LLC; BRETT GRAHAM;          :
and KEM BLACKER                                              :
                                                             :
                         Defendants.                         :
----------------------------------------------------------------X


**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL ABRITRATION AND STAY THIS ACTION, AND FOR ATTORNEY'S FEES AND COSTS**

## TABLE OF CONTENTS

Page

Table of Authorities ....................................................................................................................... ii

Preliminary Statement ..................................................................................................................... 1

Argument ........................................................................................................................................ 1

I.     Plaintiff Has No Colorable Grounds To Avoid Arbitration Of Her Claims ....................... 1

II.    Plaintiff Commenced This Action In Bad Faith ................................................................. 3

III.   This Court Has The Inherent, Equitable Power To Award Costs and Fees ........................ 4

Conclusion ....................................................................................................................................... 6

## TABLE OF AUTHORITIES

### FEDERAL CASES

Page

*Amamprop Ltd. v. Indiabulls Fin. Servs.*,
    No. 10 Civ. 1853, 2011 U.S. Dist. LEXIS 27035 (S.D.N.Y. Mar. 16, 2011)............. 1,4,5

*Oldroyd v. Elmira Savings Bank*, *FSB*, 134 F.3d 72 (2d Cir. 1997)............................................. 1

*Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167 (2005) ......................................................... 2

*Federal Land Bank v. Bismarck Lumber Co.*, 314 U.S. 95 (1941)............................................... 2

*Sands Bros. & Co. Ltd. v. Nasser*,
    No. 03 Civ. 8128, 2003 U.S. Dist. LEXIS 23406 (S.D.N.Y. Jan. 5, 2004)................ 3,4,5

*Murray v. UBS Secs. LLC*,
    No. 12 Civ. 5914, 2014 U.S. Dist. LEXUS 9696 (S.D.N.Y. Jan. 27, 2014) ................. 2,3

### FEDERAL STATUTES

28 U.S.C. § 1927………………………………………………………………………… 4, n.3

**Preliminary Statement**

Two months and two complaints after she initiated this meritless action as part of an ill-advised publicity stunt, Plaintiff now seeks to abort her federal lawsuit, conceding that her claims should be arbitrated, and asks this Court to simply ignore what happened. While Defendants do not oppose Plaintiff's belated request to voluntarily withdraw her Complaint, Plaintiff has smeared Defendants Vertical Capital, LLC's, Brett Graham's, and Kem Blacker's reputation, made misrepresentations to this Court, and forced Defendants to incur the cost and inconvenience of seeking relief here. This was all part of her plan. This Court should exercise its inherent equitable power to award Defendants' their costs and attorneys' fees because Plaintiff "has acted in bad faith, wantonly and for oppressive reasons." *Amamprop Ltd. v. Indiabulls Fin. Servs.*, No. Civ. 1853, 2011 U.S. Dist. LEXIS 27035, *7 (S.D.N.Y. Mar. 16, 2011).

**Argument[1]**

**I.     Plaintiff Has No Colorable Grounds To Avoid Arbitration Of Her Claims**

After dragging Defendants' name through the mud in the press and by publicly filing an action she knew had to be arbitrated, Plaintiff now submits to arbitration. She has no colorable ground to claim otherwise. The arbitration clause within Plaintiff's Employment Agreement provides that "[i]f any dispute should arise concerning this Agreement . . . or otherwise relating in any way to the terms and conditions of your employment, including any statutory claim of discrimination, the parties agree to submit the dispute to arbitration . . . ." Am. Compl. Ex. A. This is "precisely the kind of broad arbitration clause that justifies a presumption of arbitrability." *Oldroyd v. Elmira Savings Bank, FSB*, 134 F.3d 72, 76 (2d Cir. 1997)

---

[1] References here are to Defendants' Memorandum of Law in Support of Their Motion to Compel Arbitration and Stay this Action, and for Attorney's Fees and Costs ("Def. Mem.") and to Plaintiff's February 4, 2015 letter memorandum ("Pl. Letter Mem.").

(agreement stated "Any dispute, controversy or claim arising under or in connection with this Agreement shall be settled exclusively by arbitration…").  Plaintiff does not (and cannot) claim that she was not aware of this clause before bringing this action; indeed, she attaches her employment agreement to her Amended Complaint.

Desperate to avoid the imposition of costs and fees here, Plaintiff asserts that this unambiguously broad clause may not cover statutory Dodd-Frank whistleblower retaliation claims because it does not specifically state that "any statutory claims" or "statutory retaliation claims" are covered.  *See* Pl. Letter Mem. at 3.  This is absurd.  Again, the arbitration clause covers "*any dispute* . . . concerning this Agreement . . . or otherwise *relating in any way* to the terms and conditions of your employment, *including any* statutory claim of discrimination" (emphasis added).  By its terms, "any dispute" includes statutory claims.  And retaliation is a form of discrimination.  *See, e.g., Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171 (2005) ("Retaliation is, by definition, an intentional act.  It is a form of 'discrimination' because the complainant is being subjected to differential treatment.").  Plaintiff's claim that the phrase "including any statutory claims of discrimination" is intended to limit the scope of the arbitration clause that covers "any dispute" (*see* Pl. Letter Mem. at 2) does not even attain "sophistry" status -- it is nonsense.  *See Federal Land Bank v. Bismarck Lumber Co.*, 314 U.S. 95, 100 (1941) ("[T]he term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle.").

Plaintiff's attempt to distinguish the arbitration clause in *Murray v. UBS Secs. LLC*, as being broader than the one at issue is also specious.  Both clauses use comparable language to signal that any claims here – including statutory claims, like Dodd-Frank whistleblower claims – are covered. (*Compare* "any dispute . . . concerning this Agreement . . .

2

or otherwise relating in any way to the terms and conditions of your employment, including any statutory claim of discrimination," (Am. Compl. Ex. A at ¶ 14), *with* "any dispute, controversy or claim…includ[ing], but [] not limited to…any [] statutory or common law claims." (*Murray*, 2014 U.S. Dist. LEXIS 9696, at *4)). *Murray*, of course, is directly on point here and establishes that there is no statutory basis to preclude arbitration of Dodd-Frank whistleblower claims.[2]

While Plaintiff has conjured up some ground on which she claims she could justify litigating her Dodd-Frank claims in this Court, that ground is not "colorable." And, putting her Dodd-Frank claims to the side, Plaintiff does not (and cannot) assert any argument -- colorable or otherwise -- that her breach of contract claims are not arbitrable. On this ground alone, this Court should award costs and fees to Defendants. *See, e.g., Sands Bros. & Co. Ltd. v. Nasser*, No. 03 Civ. 8128, 2003 U.S. Dist. LEXIS 23406, *8 (S.D.N.Y. Jan. 5, 2004) (courts will award attorneys' fees where the party refusing arbitration acted without justification or did not have a reasonable chance to prevail).

## II. Plaintiff Commenced This Action In Bad Faith

The real story here is that Plaintiff's counsel -- an experienced employment litigator -- knew the claims were subject to arbitration but filed a federal action and crowed to the press in order to smear Defendants and hope for a quick payout. The emails and other evidence surrounding the filing of this action show that Plaintiff decided to pursue a campaign to harass Defendants after Plaintiff changed her mind, rejected the deal she had orally agreed to and sought more money. While Plaintiff seeks to brush off the emails she exchanged with counsel as "attorney chest pounding," their content simply cannot be ignored here because it illuminates the true reason that Plaintiff chose to file suit in this Court -- to publicly damage Defendants'

---

[2] While Plaintiff observes that Defendants "cite only one case from this Circuit to support that statutory claims filed under Dodd-Frank can be subject to pre-dispute arbitration agreements" (Pl. Letter Mem. at 2), they do not and cannot point to any other case from this Circuit that says otherwise.

3

reputation. Plaintiff's conspicuous failure to offer any explanation as to why she altered the separation agreement she attaches to the Amended Complaint (a direct affront to this Court), or misrepresented the law under which she claims to bring her claim, speaks volumes about her bad faith.

Plaintiff may not undo her bad faith by simply hitting the reset button and voluntarily dismissing her Amended Complaint now that Defendants have objected to it. Her actions have caused substantial reputational and economic harm to Vertical. Indeed, certain investors have cited *The New York Times* article and the lawsuit's allegations as the reason why they redeemed from Vertical's funds.

### III.   This Court Has The Inherent, Equitable Power To Award Costs and Fees

Plaintiff concedes that an award of attorneys' fees and costs is appropriate where there is an "unfounded opposition to petitions to compel arbitration" and where "the party refusing arbitration acted without justification or did not have a reasonable chance to prevail." *See* Pl. Letter Mem. at 3 (quoting and citing *Sands Bros. & Co. Ltd. v. Nasser*, 2003 U.S. Dist. LEXIS 23406, at *8. Plaintiff also does not dispute that under its inherent powers, "a court may assess attorneys' fees when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . ." *Amamprop*, 2011 U.S. Dist. LEXIS 27035, at *7-8 (internal citations and quotations omitted).

Instead, Plaintiff suggests that a JAMS arbitration tribunal should decide not only Plaintiff's underlying claims but also Defendants' application for costs and fees as a result of her bad faith, improperly filed action in this Court. Plaintiff, again, misapprehends the law. Whether the parties agreed to "arbitrate the arbitrability" of a claim does not divest this Court's

4

inherent, equitable power to award costs and fees for bad faith conduct.[3]  Further, Plaintiff's actions were an affront to this Court -- not an arbitration panel.  This is particularly so with respect to her altering a document and filing it with this Court.  Her attorney purposefully removed an endorsement labeled "For Settlement Discussion Purposes Only.  Off the Record, Without Prejudice and Not to Be Disclosed to Any Third Parties," from a draft settlement proposal and put it before the Court as though it was an unrestricted document.  Plaintiff simply proposes that the Court pretend that never happened.

        As set forth in their Memorandum, Defendants seek an award of costs and attorneys' fees pursuant to this Court's inherent equitable power.  (*See* Def. Mem. at 12.)  No arbitrator need decide whether this request for relief is arbitrable.  Where, as here, a Court determines that there has been bad faith conduct, or where the party refusing arbitration acted without justification or did not have a reasonable chance to prevail, the Court may award attorneys' fees and costs pursuant to its inherent equitable powers.  *See Amamprop*, 2011 U.S. Dist. LEXIS 27035, at *7-11 (where party breached contract provision to arbitrate claims by bringing action in court, court distinguished party's claim for attorneys' fees and costs arising from breach of contract – which would be subject to arbitration – and an award of attorneys' fees and costs arising from bad faith conduct – which the court awarded under its inherent equitable powers); *Sands Bros. & Co. Ltd.*, 2003 U.S. Dist. LEXIS 23406, at *8 (awarding costs and fees when plaintiffs had no colorable argument to oppose motion to compel).

---

[3] *See, e.g.*, 28 U.S.C. § 1927 (granting court the power to impose liability on counsel for "unreasonably and vexatiously" multiplying proceedings).

**Conclusion**

For all the foregoing reasons, the Defendants respectfully request this Court (1) so order Plaintiff's Notice of Voluntary Dismissal; (2) grant Defendants' motion for attorneys' fees and costs pursuant to this Court's inherent equitable power, and (3) award such other relief as this Court deems just and proper.

Dated:  February 11, 2015

          SEWARD & KISSEL LLP

          By:  /s/ Mark J. Hyland
              Mark J. Hyland
              Rita M. Glavin
              Julia C. Spivack

              SEWARD & KISSEL LLP
              One Battery Park Plaza
              New York, New York
              Tel:  (212) 574-1200

          *Attorneys for Defendants Vertical Capital,*
          *LLC, Brett Graham, and Kem Blacker*