```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 01 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MIRIAM FREIER,

                              Plaintiff,

                -v-

VERTICAL CAPITAL, LLC, BRETT
GRAHAM and KEM BLACKER *individually*,

                            Defendants.

------------------------------------------------------------X

14-CV-9623 (RA)

MEMORANDUM & ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Miriam Freier brought this action on December 4, 2014, alleging breach of contract and violations of the whistleblower protection provision of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6(h). On January 9, 2015, Defendants filed a motion to compel arbitration and for attorneys' fees and costs. In a responsive letter to the Court, dated February 4, 2015 ("Opp."), Plaintiff requested that the Court "so order" her Proposed Notice of Voluntary Dismissal and, in doing so, deny Defendants' pending motion as moot. Plaintiff informed the Court that Defendants had consented to Plaintiff's withdrawal of this matter in favor of arbitration, but that they refused to withdraw the part of their motion regarding fees and costs. For the reasons that follow, the Court will approve Plaintiff's Proposed Notice of Voluntary Dismissal, but will retain jurisdiction to consider, and ultimately deny, Defendants' request for fees and costs.

    The Court assumes the parties' familiarity with the facts of this case and thus need not recount them here.

## DISCUSSION

### I. Voluntary Dismissal

Plaintiff seeks to voluntarily dismiss her action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *See* Opp. Ex. A. Defendants do not oppose the dismissal. The Court will therefore "so order" Plaintiffs' Proposed Notice of Voluntary Dismissal.

### II. Sanctions

Although this action will be dismissed, the Court retains jurisdiction over Defendants' motion for sanctions. "It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (holding that district courts "may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)"). While Defendants here seek sanctions pursuant to the Court's "inherent power," rather than Rule 11, the Court finds that *Cooter* applies equally in this case. *See Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999) (citing *Cooter* for the proposition that the district court "clearly had jurisdiction" to impose sanctions pursuant to the court's inherent power even after the Second Circuit had affirmed the district court's grant of judgment as a matter of law).

The Court thus retains jurisdiction to decide whether sanctions should be imposed.

#### A. Arbitrability of Sanctions

Before reaching the merits of the sanctions motion, another jurisdictional question must be addressed. Plaintiff argues that the arbitrator, rather than the Court, should decide the issue of whether sanctions are warranted. Plaintiff contends that because the arbitration clause at issue here specifically incorporates JAMS' rules—which provide that the arbitrator, not a court, has the

authority to determine the arbitrability of issues—this means that "JAMS is conferred with jurisdiction over whether [Plaintiff's] claims are arbitrable in the first place" and that this Court "should defer that decision, and any fees and costs associated with that decision, to JAMS . . . ." Opp. at 5. This argument fails.

Plaintiff conflates the distinct issues of whether the underlying claims are arbitrable and whether Plaintiff's conduct, in bringing those claims in court rather than proceeding directly to arbitration, is itself sanctionable. As in the *Cooter* case, however, this Court's jurisdiction was "invoked by the filing of the underlying complaint" and thus "supports consideration" of "sanctions arising from that filing." 496 U.S. at 395; *see also Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, 483 F. App'x 634, 637 (2d Cir. 2012) (affirming district court's imposition of sanctions pursuant to the court's inherent power and finding that the defendant's "sanctionable conduct in seeking to avoid the arbitration altogether was logically and legally separate from the ultimate outcome of the arbitration").

Had the conduct complained of occurred during the arbitration itself, then Plaintiff may be correct that it should be left to the arbitrator to decide whether to impose sanctions. *See New York City Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11-CV-8425 (JMF), 2012 WL 2958265, at *4 (S.D.N.Y. July 20, 2012) ("A broad arbitration clause, such as the one here, empowers an arbitrator to award attorney's fees as a sanction for bad faith conduct in the arbitration itself."). Similarly, had Defendants relied on the terms of the underlying agreement for its claim of fees and costs—for instance, had they contended that it was Plaintiff's breach of the agreement that warranted fees and costs—then given the broadly worded "any dispute" language of the arbitration clause, that claim could itself be arbitrable. *See Johnson v. Costar Group Inc.*, 13-CV-8600 (RA), 2014 WL 3631630, at *6 (S.D.N.Y. July 21, 2014) (differentiating case where the

request for fees was appropriately addressed to the arbitrator, given that the sanctionable conduct involved a breach of the underlying agreement, from case in which the court awarded fees pursuant to its inherent power).

This is not, however, the nature of Defendants' motion here. Defendants seek sanctions pursuant to this Court's inherent power, for conduct that occurred before this Court. As such, this Court, and not an arbitrator, shall decide whether to award sanctions.

### B. Appropriateness of Sanctions

A court may, pursuant to its inherent power, "assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)). Such power should be exercised "with restraint and discretion." *Id.* at 44. In order to impose sanctions pursuant to its inherent power, "a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer*, 194 F.3d at 336. These findings must be established by "clear evidence" and with a "high degree of specificity . . . ." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) (internal quotation marks omitted).

Although the Court agrees with Defendants that Plaintiff's arguments concerning the arbitrability of her claims are without merit, Defendants have not shown by "clear evidence" that Plaintiff's actions rose to the level of sanctionable bad faith. *See, e.g., Josie-Delerme v. Am. Gen. Fin. Corp.*, No. 08-CV-3166 (NG), 2009 WL 2366591, at *5 (E.D.N.Y. July 31, 2009) (denying motion for attorneys' fees while agreeing that the plaintiff's claims were "without merit" and that "her response to [the] defendants' motion was cursory").

As an initial matter, the cases Defendants rely on to support their fee request all involve "unfounded *opposition* to petitions to compel arbitration" where the "party *refusing* arbitration acted without justification or did not have a reasonable chance to prevail." *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, No. 10-CV-1853 (PGG), 2011 WL 1002439, at *3 (S.D.N.Y. Mar. 16, 2011), *aff'd*, 483 F. App'x 634 (2d Cir. 2012) (internal quotation marks omitted) (emphasis added); *see also Sands Bros. & Co., Ltd. v. Nasser*, No. 03-CV-8128 (BSJ), 2004 WL 26550, at *3 (S.D.N.Y. Jan. 5, 2004). Here, Plaintiff did not oppose Defendants' motion to compel, instead agreeing to submit her claims to arbitration after the motion was filed and after conferring with Defense counsel. *See* Opp. at 1.[1] Plaintiff states that Defendants never attempted to "meet and confer" over the arbitrability issues prior to filing their motion, and while Defendants were under no obligation to do so, it is entirely possible—even probable, given the current posture of this case—that had they done so, Plaintiff would have agreed to arbitrate without Defendants having to file their motion. In any event, the fact that Plaintiff consented to arbitrate, rather than filing a meritless opposition, weighs heavily against imposing sanctions.

As for Plaintiff's justifications (or lack thereof) for bringing her claims in federal court, there is insufficient evidence to support a finding that these unmeritorious arguments are attributable to anything more than carelessness or "poor legal judgment." *Schlaifer*, 194 F.3d at 340. *Cf. Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 166 (2d Cir. 1999) (Rule 11 intended to preclude "empty-head pure-heart" justification for patently frivolous suits). Although the Court expects counsel appearing before it to conduct a more thorough review of the facts and law before filing suit than counsel did here, the record is insufficient to conclude

---

[1] Plaintiff did, in the same submission, oppose Defendants' request for sanctions.

5

by "clear evidence" and with a "high degree of specificity" that counsel's actions were motivated by bad faith rather than careless advocacy.

Similarly, while the Court does not condone what appears to be Plaintiff's counsel's aggressive litigation and negotiation style or strategy, Defendants have not shown why such conduct is, as Plaintiff contends, anything more than "attorney chest-pounding." Opp. at 2.

Finally, the Court is troubled by Defendants' allegation that Plaintiff altered a document submitted to the Court by removing an endorsement that was on the original. The record is unclear whether this was by design or by mistake, but in any event, the alleged alteration was immaterial, and the Amended Complaint did not attempt to hide the fact that the document in question was only a "proposed" agreement, which is the substance of what the removed endorsement stated. Am. Compl. ¶ 48. Indeed, the Court can identify no advantage that purposeful alteration of this document would have conferred on Plaintiff. The Court thus declines to award sanctions based on the alleged alteration.

## CONCLUSION

Defendants' request for attorneys' fees and costs is denied. The Clerk of Court is respectfully requested to close the motion pending at ECF No. 10. Upon filing of the "so ordered" notice of voluntary dismissal, the Clerk of Court is also requested to close this case.

SO ORDERED.

Dated:   June 1, 2015
         New York, New York

_____
Ronnie Abrams
United States District Judge